1999 UT App 052

**STATE of Utah, DEPARTMENT OF HU-MAN SERVICES, ex rel.; State of Pennsylvania, ex rel.; and Robin E. Kir-by, Plaintiffs and Appellees,**

v.

**Avi Alex JACOBY, Defendant and Appellant.**

**No. 981157–CA.**

Court of Appeals of Utah.

Feb. 25, 1999.

A. Alexander Jacoby, Salt Lake City, Appellant Pro Se.

Jan Graham, Atty. Gen., and Lynn Nicholas, Asst. Atty. Gen., Salt Lake City, for Appellees.

Before Judges WILKINS, BENCH, and ORME.

## OPINION

WILKINS, Presiding Judge:

¶ 1 Petitioner Avi Alex Jacoby (Jacoby)appeals from a judgment awarding Robin Kirby (Kirby) $55,887.05, representing child support arrearages for the period from December 1985 through November 1997. We affirm.

## FACTS

¶ 2 Jacoby and his wife Kirby divorced in Virginia in 1987. The Virginia divorce decree ordered Jacoby to pay Kirby alimony and child support for the parties' two minor children. Because Kirby resided in Pennsylvania when the court entered the final divorce decree, the Virginia court transferred jurisdiction over matters involving child support to the Court of Common Pleas of Montgomery County, Pennsylvania. Virginia, however, retained jurisdiction over all other matters under the divorce decree. Jacoby moved to Utah and fell behind in his support obligations.

¶ 3 In 1997 the State of Pennsylvania forwarded a request to the State of Utah for enforcement of all amounts of past due child support. In April 1997, the state of Utah filed a Motion and Order to Show Cause under the Uniform Reciprocal Enforcement of Support Act (URESA) seeking a judgment against Jacoby for child support arrearages in the amount of $59,287 for the period from December 1985 through April 1997. Jacoby was personally served with the URESA Order to Show Cause in May 1997. When the URESA Order to Show Cause was filed, both URESA and its successor, the Uniform Interstate Family Support Act (UIFSA) were in effect in Utah. However, the Utah Legislature repealed URESA effective on July 1, 1997.

¶ 4 In October 1997, Utah filed a second Motion and Order to Show Cause under UIFSA seeking substantially the same relief as the initial URESA Order to Show Cause. Jacoby was personally served with the second order to show cause.

¶ 5 The parties disagreed on the applicable statute of limitations and the support amounts due. An evidentiary hearing was held and the court requested both parties submit briefs on the issues and granted a continuance until early December.

¶ 6 Thereafter, Jacoby filed a motion for summary judgment as well as a motion for judicial determination of applicable law, requesting that the court apply Utah law to the proceedings and reduce Jacoby's support obligations. At the December hearing, the court heard argument from both parties and in February 1998, the court issued its findings of fact and conclusions of law. The court determined that UIFSA rather than URESA applied to this case and that under UIFSA, Pennsylvania law, which the court concluded contains no limitation on the number of years for which child support may be recovered, should be used to determine the amount of child support arrearages owed by Jacoby. Thus, the court entered judgment against Jacoby in the amount of $55,887.05, representing child support arrearages for the period from December 1985 through November 1997. Jacoby appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 Jacoby attacks the trial court's decision to award Kirby $55,887.05 in child support arrearages on various procedural and substantive grounds. First, Jacoby argues the trial court erred in giving retroactive effect to UIFSA. "Whether a statute operates retroactively is a question of law, which we review for correctness without deference to the district court." *Evans & Sutherland Computer Corp. v. Utah State Tax Comm'n*, 953 P.2d 435, 437 (Utah 1997). Second, Jacoby claims the trial court lacked both personal and subject matter jurisdiction over him. Whether a court has personal or subject matter jurisdiction over a defendant is also a question of law that we review for correctness. *See Jensen v. Bowcut*, 892 P.2d 1053, 1055 (Utah Ct.App.1995); *Skokos v.*

*Corradini*, 900 P.2d 539, 541 (Utah Ct.App. 1995).

¶ 8 Third, Jacoby contends the trial court erroneously determined that Pennsylvania law has no statute of limitation for the recovery of child support arrearages. This too presents a question of law that we review for correctness, giving no deference to the trial court. *See Gramlich v. Munsey*, 838 P.2d 1131, 1132 (Utah 1992). Finally, Jacoby contends the trial court erred by failing to revise his child and spousal support obligations. Inasmuch as we conclude that the trial court had no jurisdiction to modify the child and spousal support obligations, we do not disturb the trial court's decision declining to modify these obligations.

## ANALYSIS

### 1. Retroactive Application of UIFSA

¶ 9 Jacoby first argues the trial court erred in retroactively applying UIFSA to this case because the action was initiated under URESA. Jacoby specifically focuses on the differing choice of law provisions in URESA and UIFSA and maintains that his right to plead a statute of limitations defense under URESA is a vested right which cannot be impaired by application of UIFSA's limitations provision.

¶ 10 A statute is presumed to be prospective and will not be applied retroactively in the absence of clear legislative intent. *See Evans & Sutherland*, 953 P.2d at 437. However, this presumption only applies to statutes that alter substantive rights. *See id.* In cases where no such specific legislative intent is found, a statute may be applied retroactively if it is procedural in nature and does not enlarge or eliminate vested rights. *See id.* at 437–38. We initially note that UIFSA contains no express declaration of retroactivity. Therefore, we must determine whether the change from URESA's choice of law provision to UIFSA's choice of law provision is substantive or procedural.

¶ 11 URESA's choice of law provision provided that the "[d]uties of support ... are those imposed ... under the laws of any state where the obligor was present during the period for which support is sought." Utah Code Ann. § 77–31–7 (1995) (repealed 1997). Thus, under URESA, Utah's statute of limitations would govern the duration for which support could be recovered from Jacoby because he has resided here since 1986. However, UIFSA's choice of law provision states that "[i]n a proceeding for arrearages, the statute of limitation under the laws of this state or of the issuing state, whichever is longer, applies." Utah Code Ann. § 78–45f–604 (Supp.1998). Thus, under UIFSA, the period for which support could be recovered from Jacoby would be governed by either Utah or Pennsylvania law, the determining factor being which state has the longer statute of limitations.

¶ 12 We conclude these changes are procedural in nature. The Utah Supreme Court has stated that "[s]tatutes of limitations are essentially procedural in nature and .... do not abolish a substantive right to sue...." *Lee v. Gaufin*, 867 P.2d 572, 575 (Utah 1993); *see also Financial Bancorp, Inc. v. Pingree & Dahle, Inc.*, 880 P.2d 14, 16 (Utah Ct.App.1994) (stating "Utah follows majority position that limitations periods are generally procedural in nature"). Similarly, UIFSA's choice of law provision does not establish a substantive right or create a duty of support, but simply changes the mechanism by which support orders are enforced by instructing the court as to which law to apply in calculating arrearages. UIFSA merely provides a framework for enforcing one state's support order in another jurisdiction. Undoubtedly, the outcome may differ depending on which statute of limitations is applied; however, the rights created and possessed by the parties are found in provisions separate and apart from the choice of law section. We note that although application of a limitations period that increases the actual amount of Jacoby's arrearages by thousands of dollars could affect his substantive rights, the amount of his support obligation is fixed in this case and exists independently of the enforcement mechanism. In fact, it is likely that Kirby could have avoided any choice of law issue by reducing the arrearage to a judgment in Pennsylvania, then seeking to enforce it here under the full faith and credit provisions of the United

States Constitution. Similarly, if application of the Utah statute of limitations resulted in Kirby's recovering only a portion of the arrearage in Utah, the balance could still be recovered in Pennsylvania. In simple terms, choice of statute of limitations will only decide how much of the existing and established arrearages may be recovered by the UIFSA action in Utah. It does not limit or reduce the amount due and for which Jacoby is ultimately liable.

¶ 13 Jacoby relies on *Roark v. Crabtree*, 893 P.2d 1058 (Utah 1995), to support his contention that the defense of statute of limitations is a vested right. However, Jacoby's reliance is misplaced. Unlike the present case, the applicable statute of limitations in *Roark* expired before passage of an act increasing the limitations period. Here, it is undisputed that the original cause of action was still alive when UIFSA was passed. In fact, our supreme court has allowed the extension of a limitations period where the original cause of action is still alive when the statute of limitations was amended. *See Del Monte Corp. v. Moore*, 580 P.2d 224, 225 (Utah 1978). Because applying UIFSA's choice of law provision retroactively would not affect Jacoby's vested right to a statute of limitations defense, the effects of this section are procedural in nature.

¶ 14 Furthermore, in enacting UIFSA, the Utah Legislature was attempting to make child support enforcement laws uniform between the states. *See* Utah Code Ann. § 78–45f–901 (Supp.1998) (providing UIFSA "shall be applied and construed to effectuate its general purpose to make uniform the law ... among states enacting it"). In fact, Congress required that *all* states adopt UIFSA by January 1, 1998, to further national uniformity in the enforcement of child support orders. *See* 42 U.S.C. § 666(f) (1998). This policy of ensuring that foreign child support orders are uniformly recognized and enforced further supports our determination that UIFSA should be applied retroactively. In retroactively applying UIFSA, we comport with several other jurisdictions. *See Government of Virgin Islands ex rel. Simanca v. Proctor*, No. S3/1998, 1998 WL 453666 *6, 1998 V.I. Lexis 13, at *10–11

(stating UIFSA is a remedial statute which should be applied retroactively since it does not affect substantive rights); *Child Support Enforcement Div. of Alaska v. Brenckle*, 424 Mass. 214, 675 N.E.2d 390, 393 (1997) (giving retroactive application to UIFSA because it provides a procedural framework for enforcing a support order and does not affect substantive rights); *Welsher v. Rager*, 127 N.C.App. 521, 491 S.E.2d 661, 664–65 (1997) (sanctioning retroactive application of UIFSA). Thus, we conclude the trial court correctly applied UIFSA to this case.

### 2. Personal and Subject Matter Jurisdiction

¶ 15 Next, Jacoby maintains the trial court lacked personal jurisdiction over him due to defective service of process. More specifically, Jacoby claims that he was mistakenly served with an affidavit rather than the UIFSA Order to Show Cause. Utah Rule of Civil Procedure 4(e)(1) governs service of process and states that service is valid when made upon an individual by "delivering a copy of the summons and/or the complaint to the individual personally, or by leaving a copy at the individual's dwelling house or usual place of abode...."

¶ 16 Jacoby does not dispute the fact that he was served with a document at his place of employment. The return of process, signed by the constable, states that Jacoby was served with the UIFSA Order to Show Cause. The Utah Supreme Court has declared that the "return of service of process is presumptively correct and is prima facie evidence of the facts stated therein." *Reed v. Reed*, 806 P.2d 1182, 1185 (Utah 1991). In other words, it is presumed that the constable in serving process properly discharged his duty. *See id.* Thus, to prevail, Jacoby must prove that service was defective. *See id.* He has not met this burden. Jacoby simply argues that he was not served with the UIFSA Order to Show Cause without offering any documentary or other compelling evidence to support this contention. Thus, we hold the trial court did not err in determining that it had personal jurisdiction over Jacoby.

¶ 17 Jacoby also briefly attacks the validity of the service by contending that he was given inadequate notice because he was not served until seven days before the hearing. However, Rule 6 of the Utah Rules of Civil Procedure provides that notice of a hearing must be served at least five days before the scheduled hearing. Because we conclude the requirements of Rule 6 have been met, Jacoby's argument is without merit.

■ ¶ 18 Jacoby further maintains the trial court erred in ruling that it had subject matter jurisdiction over him. However, Jacoby's brief contains no legal analysis or authority to support his argument. Jacoby simply makes the bald assertion that the trial court lacked subject matter jurisdiction under UIFSA because the petition commencing the UIFSA action was "fatally defective." It is well settled that a reviewing court will not address arguments that are not adequately briefed. *See State v. Bishop,* 753 P.2d 439, 450 (Utah 1988) (" '[A] reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research.' " (citation omitted)). Therefore, we affirm the trial court's ruling on this ground.

### 3. Applicable Statute of Limitations

■ ¶ 19 Next, Jacoby challenges the trial court's determination that Pennsylvania has no statute of limitations for the recovery of child support arrearages and its decision to apply Pennsylvania law to this case. Jacoby argues that Utah's statute of limitations exceeds Pennsylvania's limitation period and therefore, Utah law governs this case. UIFSA provides that "[i]n a proceeding for arrearages, the statute of limitation under the laws of this state or of the issuing state, whichever is longer, applies." Utah Code Ann. § 78–45f–604 (Supp.1998). Thus, in order to determine which state's limitation controls in this case, we must first address the issue of whether Utah or Pennsylvania has the longer statute of limitations. We note that in examining a statute of limitations provision, we consider not only the legislative intent but also the gloss judicial precedent attaches to the statute. *See Hackford v.*

*Utah Power & Light Co.,* 740 P.2d 1281, 1283 (Utah 1987) (stating that "a judicial interpretation of a statute becomes a gloss on that statute that is, in effect, part of the statute").

■ ¶ 20 In Utah, the statute of limitations for the collection of child support arrearages is eight years. *See* Utah Code Ann. § 78–12–22(2) (Supp.1995). We have placed a judicial gloss on section 78–12–22 and applied a two-step analysis in interpreting Utah's eight year limitations period on the collection of arrearages. First, an action for arrearages must be commenced within eight years after the date the last installment was due; *and,* second, a party seeking arrearages may only collect past due amounts going back eight years. *See Coulon v. Coulon,* 915 P.2d 1069, 1073 (Utah Ct.App.1996). In other words, we have interpreted Utah's eight year statute of limitations to operate not only as a time period within which an action for child support arrearages must be *commenced,* but also as a limit on the number of years for which a party may collect unpaid support—regardless of the number of years the obligor is in arrears. *See id.* (holding only child support arrearages which had "accrued within the statute of limitations" could be collected).

■ ¶ 21 Pennsylvania law is devoid of a statute of limitations that specifically applies to the commencement of an action for the collection of child support arrearages. However, section 5527 of the Pennsylvania Consolidated Statutes is a catch-all limitation provision, which provides that "[a]ny civil action or proceeding which is [not] subject to another limitation ... must be *commenced* within six years." 42 Pa. Cons.Stat. Ann. § 5527 (West 1998) (emphasis added). Therefore, because an enforcement action for child support arrearages is a civil action not subject to another statute of limitations under the Pennsylvania Consolidated Statutes, the catch-all six year limitation provision applies. *See Bullock v. Bullock,* 432 Pa.Super. 643, 639 A.2d 826, 829 (1994) (stating that actions for payment of child support arrearages "fall[ ] within the statute of limitations ... [under] 42 Pa.C.S.A. § 5527 (6 years)"). In applying this six year statute of limitation to actions for arrearages, Pennsylvania

courts have also placed a judicial gloss on their limitations period and employed a two-step analysis. First, an action for arrearages must be *commenced* within six years from the date the last child support payment was due, *see id., and,* second, the party seeking arrearages may collect *all* past due amounts. *See id.* (holding Pennsylvania's six year statute of limitations did not bar collection of overdue support arrearages dating back thirty-three years). In other words, Pennsylvania courts have determined that as long as an action for arrearages is *commenced* within the six year statute of limitations, the arrears calculation may go back as far as there is a delinquency in payment. Thus, while Pennsylvania has a statute of limitations within which a claim for arrearages must be filed, the limitation on the number of years a claimant can collect past due child support is at least thirty-three years under Pennsylvania law, and perhaps longer. As a result, when considering the judicial gloss applied to Pennsylvania's statute of limitations, it clearly exceeds Utah's limitations period.[1] Because Pennsylvania's limitations period, as interpreted by the courts of Pennsylvania, is longer than Utah's, this case is governed by Pennsylvania's statute of limitations as provided by UIFSA. Therefore, we hold the trial court did not err in applying Pennsylvania's statute of limitations to this case.

¶ 22 We note that allowing Kirby to collect all past due amounts under Pennsylvania's longer statute of limitations is consistent with the purpose of UIFSA to allow the greatest possible recovery of arrearages. *See* Utah Code Ann. § 78–45f–604 (Supp. 1998).

### 4. Modification of Support Obligations

¶ 23 Finally, Jacoby argues the trial court erred by failing to revise his support obligations imposed by the Virginia divorce decree. Jacoby contends that both his child and spousal support obligations should be interpreted and modified in light of Utah law. We disagree.

### · A. Child Support Obligation

¶ 24 Under UIFSA, a Utah court may only modify a registered child support order under two circumstances. First, the court may modify the child support order if: "the child, the individual obligee, and the obligor do not reside in the issuing state ... [and] a petitioner who is a nonresident of this state seeks modification ... [and] the respondent is subject to the personal jurisdiction of the tribunal of this state...." Utah Code Ann. § 78–45f–611(1)(a) (Supp.1998). Although Jacoby is subject to the personal jurisdiction of this state and neither of the parties nor the children continue to reside in Virginia, Jacoby is not a nonresident petitioner seeking modification. Instead, Kirby is the "petitioner" in this case and is not seeking to modify Jacoby's child support obligations. Rather, it is Jacoby, the "respondent" who seeks modification. Thus, Jacoby has failed to meet the first condition.

¶ 25 Second, the court may modify an order if the child or one of the parties is subject to jurisdiction in this state and all parties have filed written consents submitting to the court's jurisdiction. *See id.* § 78–45f–611(1)(b). Here, neither party has filed a written consent and thus, the second condition has not been met. Therefore, we find Jacoby's argument without merit because the trial court did not have jurisdiction to modify his child support obligations.

### B. Spousal Support Obligation

¶ 26 In Utah, a court may only modify a spousal support order issued by another state if the Utah court has "continuing, exclusive jurisdiction" over the spousal support order. Utah Code Ann. § 78–45f–206(2) (Supp.1998). The method by which a Utah court obtains "continuing, exclusive jurisdiction" over a spousal support order is by

---

**1.** The parties' reliance on *Morrissey v. Morrissey,* 451 Pa.Super. 214, 679 A.2d 234 (1996), *rev'd,* 552 Pa. 81, 713 A.2d 614 (1998), is misplaced. That case involved the interpretation of a Pennsylvania statute of limitations governing the enforcement of foreign support orders in Pennsylvania. This case is distinguishable from *Morrissey* in that the support order at issue here was initiated in Pennsylvania and is being enforced in Utah. Therefore, Pennsylvania's limitation on enforcement of foreign support orders *does not apply.*

"issuing a support order consistent with the law of this state...." *Id.* § 78–45f–205(6). Thus, a Utah court cannot obtain "continuing, exclusive jurisdiction" unless it issues the spousal support order. In this case, a Virginia court issued the spousal support order and therefore, the order could not be modified by the trial court in Utah. Accordingly, we affirm the trial court's decision on this issue.

## CONCLUSION

¶ 27    The trial court properly gave retroactive effect to UIFSA because it is procedural in nature and does not affect Jacoby's substantive rights. Further, we conclude the trial court had both personal and subject matter jurisdiction over Jacoby. Also, we hold the trial court correctly determined that Pennsylvania's statute of limitations for the collection of child support arrearages exceeds Utah's limitations period and therefore is correctly applied in this case. Finally, the trial court was without jurisdiction to modify Jacoby's support obligations. For the foregoing reasons, we affirm the trial court's decision to award Kirby $55,887.05 in child support arrearages.

¶ 28    Affirmed.

¶ 29    WE CONCUR: RUSSELL W. BENCH, Judge and GREGORY K. ORME, Judge.

