2004 UT App 423

### Rebecca J. CASE, Petitioner and Appellee,

v.

### Clark P. CASE, Respondent and Appellant.

State of Utah, Amicus Curiae.

No. 20030971–CA.

Court of Appeals of Utah.

Nov. 18, 2004.

---

David R. Hartwig, Salt Lake City, for Appellant.

Michael R. Labrum and Heather Jensen, Michael R. Labrum PC, Richfield, for Appellee.

Mark L. Shurtleff, Atty. Gen., and Karma K. Dixon, Asst. Atty. Gen., Salt Lake City, for Amicus Curiae.

Before BILLINGS, P.J., GREENWOOD, and ORME, JJ.

## OPINION

GREENWOOD, Judge:

¶ 1 Clark Case (Father) appeals from the trial court's summary judgment in favor of Rebecca Case (Mother), ordering Father to pay $530 per month child support. Father argues that (1) the trial court lacked subject matter jurisdiction to modify the provision of the California Judgment of Dissolution addressing child support; (2) absent subject matter jurisdiction, the trial court erred in granting summary judgment in favor of Mother; and (3) the trial court erred in modifying the child support order without requiring a showing of a substantial change in circumstances. We reverse.

## BACKGROUND

¶ 2 Father and Mother were married in California, in 1992. During their marriage, two children were born. In March 2002, the parties obtained a Judgment of Dissolution

(Divorce Judgment) in the Superior Court of Stanislaus County, California. At the time of the divorce, and as reflected in the Divorce Judgment, Mother and the two children had moved to Utah, and Father had moved to Maryland. Under the Divorce Judgment, "[c]hild support is ordered as set forth in the attached." Attached to the decree was "Attachment 4.o.," which states:

The issue of child support shall be reserved until the first of the following events:

a. The children attain age 18, and are not full-time high school students residing with a parent or until the time the children complete the 12th grade or attain the age of 19 years;

b. The children die;

c. The children enter into a valid marriage, are on active duty with any of the armed forces of the United States of America or receive a declaration of emancipation under California law;

d. Further order of the court.

¶ 3 The parties also signed a "Marital Settlement Agreement" which includes the same statement reserving the issue of child support as found in "Attachment 4.o." However, it also states, "[t]he parties stipulate that, if the child support awarded is less than the mandatory minimum level, no change of circumstances need be demonstrated to obtain a modification of the child support award to the applicable mandatory minimum level or above." [1]

¶ 4 In March 2003, Mother filed a "Verified Petition for Domestication of Decree and Modification of Decree" in Utah's Sixth District Court. Mother's petition asked the Utah court, after communicating with the California court, to determine that Utah was the best venue to make child support determinations and to modify the Divorce Judgment to order Father to pay an appropriate

amount of child support. In April 2003, Father was served in Maryland with Mother's petition, to which he filed a pro se answer. Mother filed a motion for summary judgment with an attached affidavit and memorandum. Father failed to file a response to Mother's motion. Pursuant to Mother's notice to submit, and without holding a hearing, the trial court issued a ruling granting Mother's motion for summary judgment. Father then filed a motion for relief from judgment, which the trial court denied. The trial court also entered findings of fact and conclusions of law relating to the summary judgment previously granted. Father filed a timely appeal.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Father argues that the trial court lacked subject matter jurisdiction to modify the child support provisions of the California Divorce Judgment. Whether a trial court has subject matter jurisdiction presents a question of law which we review " 'under a correction of error standard, giving no particular deference to the trial court's determination.' " *Barton v. Barton*, 2001 UT App 199, ¶ 7, 29 P.3d 13 (citation omitted). [2]

## ANALYSIS

### I. Trial Court's Subject Matter Jurisdiction Under UIFSA

¶ 6 Father argues that the Utah trial court lacked subject matter jurisdiction to modify the Divorce Judgment and order him to pay child support. " '[B]ecause it is a threshold issue, we address jurisdictional questions before resolving other claims.' " *Fisher v. Fisher*, 2003 UT App 91, ¶ 15, 67 P.3d 1055 (quoting *Housing Auth. v. Snyder*, 2002 UT 28, ¶ 11, 44 P.3d 724).

¶ 7 The Utah Constitution gives the district courts subject matter jurisdiction "in

---

1. The parties dispute the applicability of the "Marital Settlement Agreement." Father contends that it was not incorporated as part of the Divorce Judgment. In the record, it was not attached to the Divorce Judgment when Mother filed it along with her original petition. It was only filed later as an attachment to Mother's memorandum in opposition to Father's motion for relief from judgment. However, the Divorce Judgment indicates that in addition to "Attachment 4.o," a marital settlement agreement was also attached.

2. Because of our disposition of the case on the first issue, it is unnecessary for us to consider Father's remaining two arguments.

all matters except as limited by this constitution or by statute." Utah Const. art. VII, § 5. By statute, Utah district courts are given "exclusive jurisdiction over matters relating to divorce, child custody, paternity, and child support." *Department of Human Servs. v. Child Support Enforcement,* 888 P.2d 690, 692 (Utah Ct.App.1994). However, the district courts' jurisdiction over child support proceedings was modified when Utah passed the Uniform Interstate Family Support Act (UIFSA). *See* Utah Code Ann. §§ 78–45f–100 to –902 (2002). Congress required that all states adopt UIFSA "to further national uniformity in the enforcement of child support orders." *Department of Human Servs. v. Jacoby,* 1999 UT App 52,¶ 14, 975 P.2d 939.

¶ 8 UIFSA regulates the establishment, enforcement, or modification of support orders across state lines. *See generally* Utah Code Ann. §§ 78–45f–100 to –902. The primary purpose of UIFSA is to provide uniform child support enforcement laws between the states. *See id.* § 78–45f–901; *Jacoby,* 1999 UT App 52 at ¶ 14, 975 P.2d 939. "UIFSA is intended to 'recognize that only one valid support order may be effective at any one time.' " *LeTellier v. LeTellier,* 40 S.W.3d 490, 493 (Tenn.2001) (quoting UIFSA, U.L.A. (1996) (prefatory notes)).

¶ 9 Utah's UIFSA confers subject matter jurisdiction upon Utah courts to modify child support orders issued by another state as long as certain conditions are met. *See* Utah Code Ann. § 78–45f–611 (2002). Section 78–45f–611 provides:

(1) After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if Section 78–45f–613 does not apply and after notice and hearing it finds that:

(a) the following requirements are met:

(i) the child, the individual obligee, and the obligor do not reside in the issuing state;

(ii) *a petitioner who is a nonresident of this state seeks modification;* and

(iii) the respondent is subject to the personal jurisdiction of the tribunal of this state.

*Id.* § 78–45f–611(1)(a)(i)–(iii) (emphasis added).[3]

¶ 10 Although Mother stated in her petition that she sought modification of the California child support order, the State, in its amicus memorandum, contends that Mother more appropriately seeks an initial order of support because the California court did not do so, but rather reserved the issue of child support. UIFSA similarly grants jurisdiction to Utah courts to establish a support order where an order otherwise entitled to recognition under UIFSA has not been issued if:

(a) *the individual seeking the order resides in another state;* or

(b) the support enforcement agency seeking the order is located in another state.

. . . .

(3) Upon finding, after notice and opportunity to be heard, that an obligor owes a duty of support, the tribunal shall issue a support order directed to the obligor and may issue other orders pursuant to Section 78–45f–305.

*Id.* § 78–45f–401 (emphasis added). Both section 78–45f–611 and section 78–45f–401 clearly and unequivocally require that a petitioner be a nonresident of Utah in order to seek an initial order or a modification of child support under UIFSA in the State of Utah.

¶ 11 In this case, Mother and Father were divorced in California, and a California court issued the Divorce Judgment. The parties agreed at that time to reserve the issue of child support. After Father moved to Maryland and Mother moved to Utah, Mother sought a modification of the California order in a Utah court. Because she sought to modify the Divorce Judgment in Utah, the requirements of UIFSA were triggered. Whether the trial court was asked to modify the Divorce Judgment, or establish a new

---

3. It appears that the trial court did not give notice and hold a hearing to determine whether the requirements of Utah Code section 78–45f– 611 were met prior to modifying the California Divorce Judgment. *See* Utah Code Ann. § 78–45f–611 (2002).

child support order, it lacked jurisdiction over the matter because Mother, as a resident of Utah, fails to meet the necessary requirements to establish a new support order or modify an existing order from another state. *See id.* §§ 78–45f–401, –611.

¶ 12 Mother does not dispute that she does not meet the requirements of sections 78–45f–401 and 78–45f–611. Rather, she argues that those sections are inapplicable because under section 78–45f–202, the trial court obtained subject matter jurisdiction over the case by virtue of its personal jurisdiction over Father. Section 78–45f–202 reads:

> A tribunal of this state exercising personal jurisdiction over a nonresident under Section 78–45f–201 may apply Section 78–45f–316 to receive evidence from another state, and Section 78–45f–318 to obtain discovery through a tribunal of another state. In all other respects, Parts 3,4,5,6, and 7 do not apply and the tribunal shall apply the procedural and substantive law of this state, including the rules on choice of law other than those established by this chapter.

*Id.* § 78–45f–202.

¶ 13 Mother argues that under section 78–45f–202, parts 3, 4, 5, 6, and 7 of UIFSA do not apply to this case because the trial court obtained personal jurisdiction over Father. Included in parts 4 and 6 are sections 78–45f–401 and 78–45f–611, requiring the petitioner to be a nonresident. Accordingly, it is necessary to determine if section 78–45f–202 trumps the subject matter jurisdiction requirements found in sections 78–45f–401 and 78–45f–611. We conclude that the statutory language is ambiguous. Without any Utah case law on the subject, in order to determine the meaning of section 78–45f–202, we first turn to the official comments by the drafters of UIFSA. *See Wilcox v. CSX Corp.*, 2003 UT 21, ¶ 8, 70 P.3d 85 (stating that when statutory provision is ambiguous, "we then seek guidance from the legislative history . . . ." (quotations and citations omitted)). Unlike the practice in some states, "comments by the drafters of uniform

acts are not written into the statute when Utah adopts a version of a uniform act but are nevertheless considered relevant when seeking legislative intent." *Carlie v. Morgan*, 922 P.2d 1, 7 (Utah 1996) (Howe, J., concurring); *see also Schurtz v. BMW of N. Am., Inc.*, 814 P.2d 1108, 1113 (Utah 1991) (stating that comments by the drafters of the Uniform Commercial Code provide "the only thing that could be described as legislative history on the issue").

¶ 14 The official comments to UIFSA sections 201[4] and 202 do not mention subject matter jurisdiction. Rather, they appear to assume that the forum state's court already has subject matter jurisdiction over the case. Instead, the comment to section 201 states that the purpose of sections 201 and 202 is to address long-arm jurisdiction over a nonresident respondent. *See* UIFSA, U.L.A., 18, (1996) (comment § 201). The drafters' intent was to "insure that every enacting State has a long-arm statute as broad as constitutionally permitted." *Id.* Thus, when a state has subject matter jurisdiction over a case, and the respondent lives in another state, sections 201 and 202 provide the basis for asserting the forum state's long-arm jurisdiction over the respondent.

¶ 15 The drafters' intent is further explained in the official comment to section 202. The comment states: "Assertion of long-arm jurisdiction over a nonresident essentially results in a one-state proceeding, notwithstanding the fact that the parties reside in different States." *Id.* at 20 (comment § 202). A one-state proceeding occurs when the forum state exercises its long-arm statute to bring the nonresident within the jurisdiction of the forum state, thus eliminating the interstate nature of the action. *See id.* In this one-state type of proceeding, section 202 provides that "[i]n all other respects, Parts 3, 4, 5, 6, and 7 [of UIFSA] do not apply and the tribunal shall apply the procedural and substantive law of this state. . . ." Utah Code Ann. § 78–45f–202.[5] Thus, the

---

4. Utah Code section 78–45f–201 provides the circumstances under which a Utah court may exercise personal jurisdiction over a party to establish, enforce, or modify a support order. *See* Utah Code Ann. § 78–45f–201 (2002).

5. Utah Code section 78–45f–202 provides two exceptions to the inapplicability of UIFSA in a

UIFSA drafters intended the exclusions of section 202 to apply in one-state proceedings where the forum state's court has subject matter jurisdiction over the case, and asserts personal jurisdiction over the out-of-state party. *See* UIFSA, U.L.A., 18, (1996) (comment § 202). Accordingly, section 202 only applies to proceedings to establish, enforce, or modify support orders of the forum state against an out-of-state respondent. It is not applicable when the support order was rendered by a state other than the forum state.

¶ 16 This analysis of the UIFSA drafters' intent is consistent with *LeTellier v. LeTellier*, 40 S.W.3d 490 (Tenn.2001), where the Tennessee Supreme Court faced a similar factual scenario and the same statutory interpretation question as is presented in this case. In *LeTellier*, a District of Columbia court had entered an order adjudging paternity and ordering the father to pay child support. *See id.* at 492. The mother later moved to Tennessee, and the father moved to Virginia. *See id.* Some years later, the mother filed a petition in Tennessee seeking to modify the child support award. *See id.* The trial court granted the father's motion to dismiss for lack of subject matter jurisdiction. *See id.* The Tennessee Court of Appeals reversed on the basis that UIFSA was preempted by federal law on the question of jurisdiction. *See id.* at 492–93. On appeal to the Tennessee Supreme Court, the mother argued that under section 202 of UIFSA, when a Tennessee court has personal jurisdiction over a nonresident, the other jurisdictional provisions of UIFSA are not applicable.[6] *See id.* at 494. The Tennessee Supreme Court rejected this argument, holding that section 202 applied only to "proceedings to establish, enforce, or modify Tennessee support decrees against an out-of-state resident." *Id.* The mother in *LeTellier* argued that because personal jurisdiction was obtained, she should be able to obtain a modification in Tennessee. *Id.* at 495. The supreme court stated:

[T]he order [the mother] sought to modify was issued by a state other than Tennessee. Tennessee courts lack subject matter jurisdiction to modify out-of-state orders when the provisions of UIFSA are not satisfied. Because this case still retains its interstate character, [section 202] has no application to this case. The remaining provisions of UIFSA, including the subject matter jurisdiction provisions of [section 611], still apply.

*Id.* (footnote omitted).

¶ 17 The Tennessee court also observed that the comments to section 201 and 202 "make no reference to subject matter jurisdiction and appear to presume that subject matter jurisdiction exists." *Id.* at 494. The court further observed that UIFSA "attempts to achieve a rough justice between the parties ... by preventing a litigant from choosing to seek modification in a local tribunal to the marked disadvantage of the other party." *Id.* at 495 (quotations and citation omitted). We agree with the analysis of the Tennessee Supreme Court and find it to be consistent with the UIFSA drafters' intent.

¶ 18 A petitioner under UIFSA must first establish subject matter jurisdiction under section 401 or 611. Without such compliance, the petition must be dismissed. Personal jurisdiction achieved under sections 201 and 202 does not confer the prerequisite subject matter jurisdiction. In the case before us, Mother asked a Utah court to modify a California support decree and order Father, a Maryland resident, to pay child support. Because this case does not involve a Utah support order, it still retains its interstate character, and Mother must satisfy the jurisdiction requirements of UIFSA for modifying an out-of-state support decree. Mother's residency in Utah precludes a Utah court from establishing or modifying child support pursuant to the parties' California Divorce Decree. *See* Utah Code Ann. §§ 78–45f–401, –611.[7] Mother's remedies are to

---

one-state proceeding. *See* Utah Code Ann. § 78–45f–202 (2002). These exceptions allow the trial court to receive evidence from another state and to obtain discovery through a tribunal of another state. *See id.*

**6.** The mother in *LeTellier* relied on Tennessee's UIFSA statutes which, while numbered differently, are substantively the same as Utah's UIFSA.

**7.** We also recognize, as the State has pointed out, that Mother, who was apparently receiving

initiate proceedings in a Maryland court, which would have both personal jurisdiction over Father and subject matter jurisdiction over the case pursuant to UIFSA, or in California where the court would have continuing jurisdiction.

## CONCLUSION

¶ 19 The trial court lacked subject matter jurisdiction over this case because under UIFSA, a Utah court cannot establish, modify, or enforce a foreign support order unless the petitioner is a nonresident of Utah. Accordingly, we reverse the trial court's grant of summary judgment and its order requiring Father to pay child support and remand with instructions to dismiss Mother's petition.

¶ 20 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge and GREGORY K. ORME, Judge.

assistance from the Office of Recovery Services, failed to give notice of her appeal to the Office of Recovery Services as is required under Utah Code section 78–45–9(2)(b)(iii).  *See* Utah Code Ann. § 78–45–9(2)(b)(iii) (Supp.2004).