2006 UT 57

**XIAO YANG LI, Yi Wei, and Ke Qing Peng, individuals; and Zahn Shiwei, an heir of Zhang Keming, deceased; Dai Youzhi, an heir of Tang Shouyin, deceased; Chen Zhaoying, an heir of Liao Liusheng, deceased; Fan Hua, an heir of Deng Guoyang, deceased; Liu Xiaoxia, an heir of Ouyang Zao, deceased; Zhou Mi, an heir of He Yunkun, deceased; and Gong Guiyuan, an heir of Huang He, deceased; all personal representatives, Plaintiffs and Appellees,**

v.

**UNIVERSITY OF UTAH, a division of the State of Utah, the State of Utah, Yi Chen, and John and Jane Does 1 thru 10, Defendants and Appellants.**

No. 20050683.

Supreme Court of Utah.

Sept. 29, 2006.

Robert B. Sykes, Ryan B. Evershed, Salt Lake City, for plaintiffs.

Mark L. Shurtleff, Att'y Gen., Debra J. Moore, Sandra L. Steinvoort, Asst. Att'ys Gen., Salt Lake City, for defendants.

WILKINS, Associate Chief Justice:

¶ 1 While participating in a conference sponsored by the University of Utah (the "University"), a group of Chinese scholars were involved in a highway rollover. Seven of the ten scholars died in the accident. We have been asked on interlocutory appeal to determine whether the notice of claim filed under the names of the seven deceased, rather than under the names of their heirs, satisfied the notice provision of the Utah Governmental Immunity Act (the "Immunity Act"). The district court ruled that the notice provision was satisfied, and we affirm the district court's decision.

## BACKGROUND

¶ 2 In April 2003, the University organized and hosted a course of study for ten scholars from the Hunan Provincial Department of Education of the People's Republic of China. Because part of the course involved visiting Pennsylvania, the University commissioned a fifteen-passenger van for the scholars. While driving the scholars through a late-season snowstorm in Pennsylvania, the van driver, allegedly negligent, slid off of the road. The van rolled, killing seven of the ten scholars and injuring the remaining three.

¶ 3 Pursuant to Utah Code section 63–30–11,[1] Attorney David L. Kwass of Philadelphia

---

1. In 2004, the Utah Legislature amended the    Immunity Act by repealing chapter 30 of title 63

filed a notice of claim (the "Notice") for wrongful death and personal injuries with the Office of the Utah Attorney General. For the personal injuries claim, the Notice listed Kwass's clients as the three surviving passengers. The seven heirs filed the wrongful death claim, but the Notice failed to list their names. Instead, Kwass named the seven deceased. The Notice also included both a brief statement of the facts and a description of the nature of the claim asserted.

¶ 4 After the complaint was filed and the Notice had been served, the district court heard oral arguments on the State's motion for partial dismissal and on a motion to strike the affidavit of Kwass. The court denied the partial motion to dismiss and granted the motion to strike the affidavit as unnecessary. The State sought interlocutory appeal, claiming immunity under the Immunity Act, and we granted review.

¶ 5 The Immunity Act states in pertinent part that "[t]he burden to prove the exercise of reasonable diligence is upon the claimant." [2] The Immunity Act further provides:

(3)(a) The notice of claim shall set forth:

(i) a brief statement of the facts;

(ii) the nature of the claim asserted;

(iii) the damages incurred by the claimant so far as they are known; and

(iv) if the claim is being pursued against a governmental employee individually as provided in Subsection 63–30d–202(3)(c), the name of the employee.

(b) The notice of claim shall be:

(i) signed by the person making the claim or that person's agent, attorney, parent, or legal guardian .... [3]

The statute does not explicitly require the claimant's name.

¶ 6 The Utah wrongful death statute states in pertinent part:

[W]hen the death of a person not a minor is caused by the wrongful act or neglect of another, *his heirs, or his personal representative for the benefit of his heirs, may maintain an action for damages against the person causing the death,* or, if such person is employed by another person who is responsible for his conduct, then also against such other person. If such adult person has a guardian at the time of his death, only one action can be maintained for the injury to or death of such person, and such action may be brought by either the personal representatives of such adult deceased person, for the benefit of his heirs, or by such guardian for the benefit of the heirs.[4]

## ANALYSIS

¶ 7 Whether a trial court has subject matter jurisdiction presents a question of law, which this Court reviews "under a correction of error standard, giving no particular deference to the trial court's determination." [5] Waiver of governmental immunity has been conditioned upon compliance with the Immunity Act. Thus, the main issue before us is whether the Notice filed by Kwass satisfied the notice requirements of the Immunity Act. More specifically, we must determine whether Kwass's listing of the decedents instead of their heirs, his actual clients, still satisfied the notice provision.

¶ 8 When applying the notice provision in the past, we have called for strict compliance to the Immunity Act before determining that the State waived its immunity.[6] Strict compliance constitutes adherence to all of the relevant provisions outlined in

of the Utah Code and reinstating the amended Act as chapter 30d. *See* 2004 Utah Laws, ch. 267. Although the repealed Act technically governs this claim, *see id.* § 48, the amendments do not affect the analysis or disposition of this case. In the interest of simplicity, therefore, we will cite to the current code sections for the remainder of this opinion.

**2.** Utah Code Ann. § 63–30d–401(1)(c) (2004).

**3.** *Id.* § 63–30d–401(3)(a)–(b)(i).

**4.** *Id.* § 78–11–7 (2002) (emphasis added).

**5.** *Case v. Case,* 2004 UT App 423, ¶ 5, 103 P.3d 171.

**6.** *See Gurule v. Salt Lake County,* 2003 UT 25, ¶ 5, 69 P.3d 1287; *Rushton v. Salt Lake County,* 1999 UT 36, ¶ 19, 977 P.2d 1201.

the Immunity Act,[7] and the record in this case indicates that the Notice filed by Kwass strictly complied with all of the express requirements. Accordingly, we conclude that the government's immunity has been waived.

¶ 9 First, under the Immunity Act, a party must file his claim within one year of the accident.[8] Kwass filed the Notice on April 1, 2004, and the accident occurred on April 7, 2003. Hence, the filing on April 1, 2004, clearly satisfied the one-year requirement.

¶ 10 Second, the Immunity Act calls for a brief statement of the facts.[9] The Notice contained a section entitled, "A Brief Statement of the Facts," which explained the following:

> A van in which the above identified individuals were traveling as passengers was involved in an accident on Route 15 in Quentin Township, Pennsylvania near Route 54 on April 7, 2003. The van rolled over off of the highway, and sustained significant damage. Seven of the occupants of the van were killed in the accident. A copy of the Police Accident Reporting Form is attached as Exhibit A.

This paragraph constitutes a brief recitation of those facts most relevant to the accident.

¶ 11 Third, the Immunity Act requests a description of the nature of the claim asserted.[10] Under the section of the Notice called "The Nature of the Claim Asserted," Kwass wrote, "Plaintiffs contend that the University of Utah negligently hired and supervised the operator of the van[ ] and is vicariously liable for the actions of the van driver in crashing the van." This statement adequately declares the nature of the claim asserted as one of negligence and vicarious liability.

■ ¶ 12 Fourth, parties must list damages incurred by the claimants so far as they are known.[11] The Immunity Act does not call for an all-inclusive summary of the dam-

ages or for speculation. Assuming, for instance, that the extent of damages was completely unknown at the time of filing, it could be possible to satisfy this section's requirement by providing no information. As a result, under the plain language of this section, the listing of only *known* damages is necessary to satisfy the requirement. Moreover, including potentially helpful or even misleading information does not make the absence of useful information any less compliant. Kwass explained in the Notice under "Damages Incurred By the Claimant So Far As They Are Known," that "[s]even of the plaintiffs are dead. The others are currently being treated by various physicians." Therefore, Kwass's Notice went beyond the minimal requirements of the Immunity Act by at least indicating that the damages would be those incurred as a result of the injuries and deaths caused by the accident.

¶ 13 Fifth, the Immunity Act requires that notice be signed by the person making the claim or by that person's agent, attorney, parent, or legal guardian.[12] The heirs represent in their brief that Kwass was acting as their attorney at the time he filed the notice of claim. Kwass supplied an affidavit making the same assertion. As such, the record adequately reflects that the Notice was signed by the attorney of the persons making the claim. Ultimately, if the State has concerns regarding the adequacy of Kwass's representation, the State may call it into question on remand, but the issue is not before us on interlocutory appeal.

¶ 14 Finally, notice in this case must have been directed and delivered by hand or by mail to the Office of the Utah Attorney General.[13] The record indicates that the Notice was sent directly to the Office of the Utah Attorney General by certified mail on April 1, 2004.

7. *See Gurule*, 2003 UT 25, ¶ 5, 69 P.3d 1287; *Gallegos v. Midvale City*, 27 Utah 2d 27, 492 P.2d 1335, 1336–37 (1972) ("Inasmuch as the maintenance of such a cause of action derives from such statutory authority, a prerequisite thereto is meeting the conditions prescribed in the statute.").

8. Utah Code Ann. § 63–30d–402 (2004).

9. *Id.* § 63–30d–401(3)(a)(i).

10. *Id.* § 63–30d–401(3)(a)(ii).

11. *Id.* § 63–30d–401(3)(a)(iii).

12. *Id.* § 63–30d–401(3)(b)(i).

13. *Id.* § 63–30d–401(3)(b)(ii)(E).

¶ 15 Kwass's notice strictly complied with the statutory requirements set forth as conditions to the waiver of governmental immunity and consequently fulfilled the purpose of the Immunity Act.[14] We have previously addressed questions regarding failure to include a brief statement of the facts, failure to file timely notice, failure to set forth the nature of the claim asserted, and delivery of notice to the wrong party. In each of those instances, we have dismissed claims when they fail to follow the unambiguous language of the Immunity Act. The Immunity Act does not specify whether a notice of claim must include the names of each individual claimant. Rather, it merely provides that the notice must be "signed by the person making the claim or that person's agent, attorney, parent, or legal guardian."[15] As representative of the heirs, the persons entitled to a wrongful death claim, Kwass's signature on the Notice technically fulfills the requirement that the notice be signed by the attorney making the claim.

¶ 16 We realize that the Notice may hold little utility in providing actual notice to the State regarding the claims of the decedents' heirs. Perhaps the Notice's lack of information as to the number of claimants and to the extent of the damages was an impairment to the State's ability to correct the condition, evaluate the claim, or settle the claim. Even if this is true, it is the Legislature that has the prerogative to determine what information is necessary to give proper notice of a claim sufficient to waive governmental immunity. We construe the language of the Immunity Act narrowly, but we do not require more of a claimant than is required by the pertinent statutory language.

¶ 17 Before concluding, we briefly address the prior case law relied on by both parties. The State relies on *Pigs Gun Club, Inc. v. Sanpete County*[16] to argue that we should not permit the heirs to recover under this Notice. In *Pigs Gun Club*, we dismissed the claims of late-filing claimants who sought to join the timely-filed notice of their neighboring landowners.[17] The late filers argued that the County had sufficient notice of their claims due to their proximity to the timely-filed landowners and to the fact that they were harmed by the same alleged negligence. Applying strict compliance, we concluded that although the parties' claims were similar, the parties themselves were not the same—there was no legal relationship between the neighboring landowners.[18] And unlike the present case, the late filers failed to comply with the statutory requirements.

¶ 18 In *Moreno v. Board of Education,*[19] on the other hand, we permitted a biological mother who had failed to file a timely notice in a wrongful death action to be substituted as the real party in interest under the timely-filed notice of the deceased child's legal guardians. Essentially, the guardians brought the action for the biological mother, the beneficiary of the child. The case before us now is more analogous to *Moreno*: essentially, the legal "agent" filed the notice of claim.

## CONCLUSION

¶ 19 We require strict compliance to statutory provisions setting forth the content of notices of claim. The Notice before us satisfies the statutory requirements under the Utah Governmental Immunity Act because it meets the technical requirements of the statute. Affirmed.

¶ 20 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.

14. *See Nunez v. Albo,* 2002 UT App 247, ¶¶ 21–27, 53 P.3d 2 (explaining that we require strict compliance so that the "purpose of the Immunity Act's notice of claim [may be] fulfilled.").

15. Utah Code Ann. § 63–30d–4(3)(b)(i).

16. 2002 UT 17, 42 P.3d 379.

17. *Id.* ¶¶ 9,10.

18. *Id.* ¶ 10.

19. 926 P.2d 886 (Utah 1996).