2020 UT App 29

## THE UTAH COURT OF APPEALS

MARY ELLEN ROBERTSON,
Appellee,
*v.*
MICHAEL STEVENS,
Appellant.

Opinion
No. 20170415-CA
Filed February 21, 2020

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 154901439

David W. Read, Attorney for Appellant

Ben W. Lieberman, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1    Michael Stevens appeals the denial of his petition to modify the parties' decree of divorce (the Decree); his request for preliminary injunctive relief to enjoin the speech of his ex-wife, Mary Ellen Robertson; and his request for leave to file an amended petition to modify. We affirm.

BACKGROUND

¶2    Stevens and Robertson divorced in 2013, after eight years of marriage. The parties entered into a stipulated settlement agreement, which was incorporated into the Decree entered on November 10, 2015. The Decree contained a

limited nondisparagement clause, which stated that Robertson "shall not tell third parties that (1) [Stevens] kicked her out of the house, or (2) [Stevens] has stolen marital assets." After the Decree was entered, Robertson contributed a chapter to a book about women and marriage. Stevens alleges that Robertson, in the book chapter as well as on a blog and in an online forum, disclosed private and confidential information about Stevens and their marriage and made disparaging comments about him.

¶3     Stevens filed a petition to modify the Decree, arguing that Robertson's "vast disparaging comments" constituted a "material and substantial change in circumstances not contemplated at the time of entry of the Decree." Stevens did not argue that Robertson's communications were a violation of the nondisparagement clause contained in the Decree but specifically sought to "expand the parties' [non]disparagement clause in the Decree . . . based on the substantial new information that has now come to light." Stevens also requested that the court enter a preliminary injunction to prevent Robertson from further communicating any additional confidential and disparaging statements and sought leave to amend his petition to modify the Decree. Robertson opposed the motion for preliminary injunctive relief and moved to dismiss the petition to modify. The district court denied Stevens's motion for a preliminary injunction and granted Robertson's motion to dismiss the petition to modify. It also denied Stevens's motion for leave to amend his petition to modify. Stevens appeals.

ISSUE AND STANDARD OF REVIEW

¶4     We ultimately address only one issue in this case: whether a district court has continuing jurisdiction to modify or expand a stipulated, non-child-related nondisparagement clause

contained in a final decree of divorce.[1] "Whether a trial court has subject matter jurisdiction presents a question of law, which this Court reviews under a correction of error standard . . . ." *Xiao Yang Li v. University of Utah*, 2006 UT 57, ¶ 7, 144 P.3d 1142 (quotation simplified).

ANALYSIS

¶5 "[T]he initial inquiry of any court should always be to determine whether the requested action is within its jurisdiction." *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989). "[Q]uestions regarding subject matter jurisdiction may be raised at any time because such issues determine whether a court has authority to address the merits of a particular case." *Housing Auth. v. Snyder*, 2002 UT 28, ¶ 11, 44 P.3d 724. "When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action." *Varian–Eimac*, 767 P.2d at 570.

¶6 "Before a final judgment is entered, district courts have broad discretion to reconsider and modify interlocutory rulings." *Little Cottonwood Tanner Ditch Co. v. Sandy City*, 2016 UT 45, ¶ 17, 387 P.3d 978. "But after a judgment is entered, the district court's power to modify the judgment is limited." *Id.* If this were not the case, "dissatisfied litigants could file endless cycles of motions for reconsideration in an attempt to achieve a better result." *Id.* "The finality of judgments rule recognizes that at some point, litigation must end." *Id.*; *see also State v. Rodrigues*, 2009 UT 62, ¶ 13, 218 P.3d 610 (explaining that after a court has

---

1. After oral argument in this case, we invited the parties to submit supplemental briefs devoted to the jurisdictional question, and both parties took advantage of the opportunity to submit such briefs.

entered a final judgment, it "ordinarily loses subject matter jurisdiction over the case"). These principles apply with as much force in a divorce case as they do in any other case; indeed, we have held that "[t]he doctrine of res judicata applies in divorce actions." *See Throckmorton v. Throckmorton*, 767 P.2d 121, 123 (Utah Ct. App. 1988).

¶7 However, in certain limited circumstances, usually defined by statute or rule, courts may reconsider an order even after entry of final judgment. *See, e.g.*, Utah R. Civ. P. 60 (allowing the court to entertain post-judgment motions in specific circumstances). In the family law context, our legislature has given district courts the authority to revisit many of the provisions contained in a typical divorce decree, including provisions pertaining to child custody, child support, alimony, property distribution, and debts. *See* Utah Code Ann. § 30-3-5(3) (LexisNexis 2019) ("The court has continuing jurisdiction to make subsequent changes or new orders for the custody of a child and the child's support, maintenance, health, and dental care, and for distribution of the property and obligations for debts as is reasonable and necessary."); *id.* § 30-3-5(8)(i)(i) ("The court has continuing jurisdiction to make substantive changes and new orders regarding alimony based on a substantial material change in circumstances not foreseeable at the time of the divorce."); *id.* § 78B-12-104 (2018) ("The court shall retain jurisdiction to modify or vacate the order of [child] support where justice requires."). But no statute gives courts continuing jurisdiction to revisit stipulated nondisparagement clauses found in divorce decrees, at least where such clauses do not concern children, and Stevens does not invoke rule 60 or any other rule purporting to give a court the authority to alter a final judgment.

¶8 Instead, and in the absence of authority grounded in statute or rule, Stevens asserts that district courts have "broad discretionary powers" to revisit the terms of a divorce decree.

But Stevens cites no statute or common-law rule to support his position that the court should be permitted to expand or add to a stipulated nondisparagement clause contained in a final decree of divorce. Indeed, common-law principles of continuing jurisdiction generally pertain to the court's power to enforce and give effect to its orders. *See, e.g.*, *Little Cottonwood*, 2016 UT 45, ¶¶ 24, 33 (acknowledging the courts' inherent power to "enforce a final judgment" and to make orders "necessary to carry out and give effect to their decrees" (quotation simplified)). These principles do not generally extend to modifying the substantive rights of parties that have previously been agreed to or adjudicated. *See id.* ¶¶ 21–35 (determining that common-law principles could not be used to modify the parties' substantive water rights as previously adjudicated). And Stevens has not pointed us to any common-law principles that might be construed as an exception to these general rules.

¶9 Therefore, we determine that the district court lacked jurisdiction to modify the nondisparagement clause in the Decree. Because the district court lacked jurisdiction, it "retain[ed] only the authority to dismiss the action." *Varian–Eimac*, 767 P.2d at 570. We therefore affirm the district court's dismissal of Stevens's petition to modify.

¶10 We also conclude that the district court did not err in denying Stevens's request for a preliminary injunction or his request for leave to amend his petition to modify. "A party seeking a preliminary injunction must demonstrate, among other things, a likelihood of success on the merits." *Munaf v. Geren*, 553 U.S. 674, 690 (2008) (quotation simplified). Stevens had no possibility of succeeding on the merits of his injunction request within this divorce action because the court lacked continuing jurisdiction to modify or expand the stipulated nondisparagement clause in the Decree. Likewise, any amendment of his petition to modify would have been futile because the court lacked jurisdiction to consider the petition. *See*

*Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 15, 243 P.3d 1275 (explaining that a district court does not exceed its discretion by denying leave to amend a complaint where amendment would be futile).

## CONCLUSION

¶11     Because the district court lacked jurisdiction to address Stevens's petition to modify the stipulated nondisparagement clause in the Decree, the court did not err in dismissing the petition. It also did not err in denying Stevens's request for an injunction to restrain Robertson's speech or his request for leave to amend his petition to modify. Accordingly, we affirm.

_____