**2013 UT App 180**

## THE UTAH COURT OF APPEALS

BRENDT THOMAS BENNETT,
Petitioner and Appellant,
*v.*
ALFRED BIGELOW AND BOARD OF PARDONS AND PAROLE,
Respondents and Appellees.

Opinion
No. 20111047-CA
Filed July 26, 2013

Sixth District, Manti Department
The Honorable Marvin D. Bagley
No. 090600317

Linda M. Jones and Noella A. Sudbury, Attorneys
for Appellant
John E. Swallow and Brent A. Burnett, Attorneys
for Appellees

JUDGE WILLIAM A. THORNE JR. authored this Opinion, in which
JUDGES STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN
concurred.

THORNE, Judge:

¶1 Brendt Thomas Bennett appeals from the district court's denial of his motion for enlargement of time in which to appeal the dismissal of his petition for extraordinary relief. *See generally* Utah R. App. P. 4(e). We reverse the district court's order denying Bennett's motion and remand this matter for further proceedings consistent with this opinion.

### BACKGROUND

¶2 Bennett was convicted of one count of rape of a child in August 2000. He successfully completed a sex offender treatment

program while in prison in 2006, and he was paroled to a community correctional center in 2007. However, the Board of Pardons and Parole (the Board) initiated revocation proceedings after Bennett refused to answer parole officers' questions about uncharged offenses he may have committed. Bennett's parole was revoked in April 2008, and he was imprisoned at the Central Utah Correctional Facility (CUCF).

¶3     In September 2009, Bennett filed a petition for extraordinary relief asserting various claims that CUCF warden Alfred Bigelow and the Board (collectively, Respondents) were wrongfully and unconstitutionally restraining his liberties. Respondents sought summary judgment, arguing in part that the Board's pardon and parole decisions are not subject to judicial review. *See* Utah Code Ann. § 77-27-5(3) (LexisNexis 2012) (providing that Board decisions pertaining to paroles and pardons "are final and are not subject to judicial review"). Bennett opposed Respondents' summary judgment motion and also filed his own separate motion seeking to declare Utah Code section 77-27-5(3) unconstitutional.

¶4     The district court granted Respondents' motion for summary judgment in part, but ordered further briefing on two of Bennett's claims. The district court also denied Bennett's motion to declare section 77-27-5(3) unconstitutional. Bennett attempted to appeal the district court's denial of his motion, but this court dismissed the appeal for lack of jurisdiction because it did not challenge a final, appealable order. *See Bennett v. Bigelow*, 2010 UT App 252U, para. 4 (per curiam). The per curiam decision dismissing Bennett's appeal stated that the dismissal was "without prejudice to an appeal filed after the entry of a final judgment resolving [Bennett's two] remaining claims." *Id.* para. 5.

¶5     The matter returned to the district court, and on February 7, 2011, the district court issued a memorandum decision granting summary judgment to Respondents on the two remaining claims and dismissing Bennett's petition. The memorandum decision directed Respondents to "submit an implementing order." Respondents prepared and filed an order for the district court's signature and served it on Bennett on February 28. The district

court signed Respondents' order on March 16, but Respondents did not serve a copy of the executed order on Bennett as required by the Utah Rules of Civil Procedure. *See generally* Utah R. Civ. P. 58A(d) ("A copy of the signed judgment shall be promptly served by the party preparing it . . . ."). The thirty-day period in which Bennett could appeal the dismissal order expired on April 15, 2011. *See* Utah R. App. P. 4(a).

¶6    On May 11, 2011, Bennett filed a verified motion for enlargement of time to appeal the March 16 dismissal order pursuant to rule 4(e) of the Utah Rules of Appellate Procedure. *See id.* R. 4(e) (governing extensions of time to appeal a judgment or order). According to Bennett's motion, he had "waited on pins and needles" for notice that the district court had signed the dismissal order, but none was forthcoming. After more than a month of waiting, Bennett enlisted the help of his out-of-state parents to track down the status of the order. This process was made more difficult by what Bennett described as "restrictions" imposed upon him at CUCF. Bennett's parents succeeded in providing him a copy of the order on May 4, and he filed his motion for enlargement of time one week later.

¶7    Bennett's motion acknowledged that he needed to show "excusable neglect or good cause" in order to obtain an enlargement of time. *See* Utah R. App. P. 4(e). Bennett argued that "[t]he failure, by either the Court or a responsible party, to provide service upon Mr. Bennett of the Court's final judgment fulfills that requirement." Respondents opposed Bennett's motion, arguing that their failure to serve Bennett with the signed dismissal order did not affect the time for filing a notice of appeal and that Bennett had not demonstrated good cause or excusable neglect because he could simply have filed a notice of appeal after the district court's announcement of the decision to dismiss his petition. *See generally* Utah R. App. P. 4(c) ("A notice of appeal filed after the announcement of a decision, judgment, or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof."). The district court denied Bennett's motion without making any factual findings, stating merely that it was acting after "[h]aving carefully reviewed all of the pleadings

submitted by both parties, being fully advised in the premises, and good cause appearing." Bennett appeals from the district court's denial order.

ISSUE AND STANDARD OF REVIEW

¶8    Bennett argues that the district court erred when it denied his timely motion for enlargement of time to appeal the summary judgment order that had been entered against him. We give the district court's ruling on a rule 4(e) motion "broad deference on review." *Reighard v. Yates*, 2012 UT 45, ¶ 18, 285 P.3d 1168; *see also Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 6, 13 P.3d 616 ("The discretion of the trial court to grant or deny a Rule 4(e) motion is very broad, highly fact dependent, and fundamentally equitable in nature.").

ANALYSIS

¶9    Bennett challenges the district court's denial of his motion for relief under rule 4(e) of the Utah Rules of Appellate Procedure, arguing that the district court erred by disregarding several factors supporting a finding of good cause or excusable neglect. *See generally* Utah R. App. P. 4(e). Specifically, Bennett argues that Respondents' failure to serve him with a copy of the dismissal order in violation of civil rule 58A(d), *see* Utah R. Civ. P. 58A(d) ("A copy of the signed judgment shall be promptly served by the party preparing it . . . ."), along with his own efforts to perfect his appeal despite his incarceration and alleged restricted status,[1] demonstrate both good cause and excusable neglect. Both Bennett and Respondents invite us to make our own determination of

---

1. Bennett fails to elaborate on the exact nature of his alleged restricted status. However, we infer that he is referring to disciplinary or other restrictions—such as restrictions on his mailing privileges—that were imposed upon him above and beyond the restriction of incarceration.

whether Bennett is entitled to relief under rule 4(e). We decline those invitations, but we conclude that under the circumstances the district court failed to support its denial of Bennett's motion with adequate factual findings and analysis.

¶10    Rule 4(e) provides that the district court may extend the time for filing a notice of appeal "upon a showing of excusable neglect or good cause." Utah R. App. P. 4(e).[2] Generally speaking, "[e]xcusable neglect 'is an admittedly neglectful delay that is nevertheless excused by special circumstances,' whereas good cause 'pertains to special circumstances that are essentially beyond a party's control.'" *Serrato*, 2000 UT App 299, ¶ 7 (quoting *Reisbeck v. HCA Health Servs. of Utah, Inc.*, 2000 UT 48, ¶ 13, 2 P.3d 447).

¶11    Utah case law has identified four factors of general relevance to a determination of excusable neglect: "'[i] the danger of prejudice to [the nonmoving party], [ii] the length of the delay and its potential impact on judicial proceedings, [iii] the reason for the delay, including whether it was within the reasonable control of the movant, and [iv] whether the movant acted in good faith.'" *Reighard*, 2012 UT 45, ¶ 17 (alterations in original) (quoting *Serrato*, 2000 UT App 299, ¶ 9). Nevertheless, "[t]he equitable nature of the excusable neglect determination requires that a district court be free to consider all facts it deems relevant to its decision and weigh them accordingly." *Jones v. Layton/Okland*, 2009 UT 39, ¶ 18, 214 P.3d 859.

¶12    Good cause, which focuses on events beyond a moving party's control, is "a more liberal standard." *Reisbeck*, 2000 UT 48, ¶ 14. "To the extent a factor that contributed to, or provoked, a delay in filing was genuinely beyond the moving party's control,

---

2. Rule 4(e) also requires that a motion for enlargement of time be filed within thirty days of the expiration of the period in which a party may file a notice of appeal. *See* Utah R. App. P. 4(e). Bennett's May 11, 2011 motion was clearly timely, as his time to appeal the March 16 dismissal order had expired on April 15. *See id.* R. 4(a) (generally requiring a notice of appeal to be filed "within 30 days after the date of entry of the judgment or order appealed from").

that factor will usually be more supportive of granting a motion to extend time than will a factor that is admittedly derived from the moving party's neglect." *Id.*

¶13 "[I]t will often be difficult to label a particular justification as being either purely related to good cause or purely related to excusable neglect," and "[m]any circumstances legitimately may be treated under both rubrics." *Id.* The district court is required to give "appropriate weight to the extent to which a particular justification relates to factors within or beyond the party's control," applying "a more liberal good cause standard" when a proffered justification "implicates factors beyond the party's control." *Id.* ¶ 15. "Conversely, where a party or a party's attorney was concededly neglectful, the court must determine whether that neglect should, on balance, be excused." *Id.*

¶14 Here, Bennett's rule 4(e) motion implicated multiple factors, some of which were within Bennett's control and some of which were not. We agree with Bennett that Respondents' failure to serve him with the dismissal order was clearly not within his control. For purposes of this analysis, we will also consider Bennett's incarceration and alleged restricted status to be factors beyond his control.[3]

¶15 However, as argued by Respondents, other factors relating to Bennett's motion were within his control. Bennett could have filed a notice of appeal at any time following the district court's announcement of its dismissal decision and that notice would have related forward to the ultimate entry of the dismissal order, effectively triggering the appeal that Bennett desired. *See* Utah R. App. P. 4(c). Further, Respondents served Bennett with the proposed dismissal order that they had filed with the district court, putting him on notice that it would likely soon be signed and entered. Respondents argue that in light of this notice, Bennett bore some burden—despite his self-described "restricted" status—to

---

3. We recognize that Bennett's incarceration and restrictions incident thereto are not beyond his control in the sense that they are the result of Bennett's criminal behavior.

monitor the status of the dismissal. *Cf. West v. Grand Cnty.*, 942 P.2d 337, 340 (Utah 1997) ("Clearly, West's failure to check with the clerk was neglect. Our rules . . . put the burden on counsel to check periodically with the clerk of the court as to the date of entry [of a judgment.]" (omission in original) (citation and internal quotation marks omitted)).

¶16 Despite this mix of "aspects both within and beyond the moving party's control," *Reisbeck v. HCA Health Servs. of Utah, Inc.*, 2000 UT 48, ¶ 14, 2 P.3d 447, the district court provided no explanation of which test it was applying to each factor, nor did it make factual findings in support of its denial of Bennett's motion. Instead, the district court stated merely that it was acting after "[h]aving carefully reviewed all of the pleadings submitted by both parties, being fully advised in the premises, and good cause appearing."[4] This boilerplate language provides us with no basis upon which to evaluate whether the district court applied the appropriate standard to the various factors within and beyond Bennett's control or to provide "meaningful appellate review" of the district court's decision. *See Busche v. Busche*, 2012 UT App 16, ¶ 26, 272 P.3d 748; *cf. Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 20, 243 P.3d 1275 ("The only reasoning given in the order is that the district court denied leave based on the oral arguments, the briefs, and for good cause. This level of detail is simply insufficient to permit meaningful appellate review."); *Busche*, 2012 UT App 16, ¶ 26 ("To allow meaningful appellate review, . . . the decision to award attorney fees must be supported by detailed findings of fact.").

¶17 Despite the inadequacies in the district court's denial order, both parties essentially ask us to rule on Bennett's motion as a matter of law. Bennett asserts that the reasons for enlarging his appeal period are "[c]ompelling" and asks us to remand the matter with directions that the district court allow the filing of a notice of appeal. However, as an appellate court, we are not equipped to

---

4. We interpret the district court's "good cause appearing" language to mean that the district court found good cause to deny Bennett's motion, not that it was denying the motion despite Bennett's demonstration of good cause.

address the intensely factual questions presented by a rule 4(e) motion. *See Merrick Young Inc. v. Wal-Mart Real Estate Bus. Trust*, 2011 UT App 164, ¶ 34, 257 P.3d 1031 (stating that this court is "ill-equipped" to supply missing factual findings and should particularly avoid doing so "in cases where the ultimate decision is within the particular realm of trial court discretion"); *Serrato v. Utah Transit Auth.*, 2000 UT App 299, ¶ 6, 13 P.3d 616 ("The discretion of the trial court to grant or deny a Rule 4(e) motion is very broad, highly fact dependent, and fundamentally equitable in nature.").

¶18     Respondents suggest that we should uphold the decision below because Bennett could have availed himself of rule 4(c) of the Utah Rules of Appellate Procedure to file a notice of appeal at any time after the district court's February 2011 memorandum decision. *See* Utah R. App. P. 4(c) (stating that a notice of appeal filed after the announcement of a judgment or order is deemed timely filed as of the entry of the judgment or order). The availability of rule 4(c) is certainly one factor that the district court could have considered in evaluating Bennett's motion, but we conclude that it is not dispositive for several reasons.

¶19     First, looking only at the circumstances of this case, the district court would have had to evaluate the effect of rule 4(c) in light of Bennett's pro se status and this court's prior dismissal of Bennett's first attempt to appeal. In *Bennett v. Bigelow*, 2010 UT App 252U (mem.) (per curiam), we dismissed Bennett's appeal for lack of jurisdiction because his notice of appeal was premature and directed Bennett that he could file a notice of appeal "*after* the entry of a final judgment." *See id.* para. 5 (emphasis added).[5] The inadequacy of the district court's denial order precludes us from determining how—or even whether—the district court balanced these factors, and as noted above, we are ill-equipped to find and

_____

5. We are not interpreting our prior language to in any way preclude the application of rule 4(c) of the Utah Rules of Appellate Procedure at this stage of the case. We are merely observing that our prior instructions to the pro se Bennett are part of the overall circumstances surrounding Bennett's rule 4(e) motion.

weigh facts as an initial matter. *See Merrick Young Inc.*, 2011 UT App 164, ¶ 34.

¶20 Looking at the broader implications of Respondents' argument, we further observe that there is nothing in the language of rule 4 of the Utah Rules of Appellate Procedure to suggest that rule 4(c) is intended to have an effect on the availability of relief under rule 4(e). If we were to accept Respondents' argument, we would be implying that litigants have a duty to file a premature notice of appeal under rule 4(c) or risk losing the relief available under rule 4(e). *See Jones v. Layton/Okland*, 2009 UT 39, ¶ 21, 214 P.3d 859 (explaining that in the excusable neglect context, "the word 'neglect' indicates, as a purely objective fact, that a person has not done that which it was his duty to do"). The plain language of rule 4(c) suggests that it is intended as a safe haven for parties who mistakenly file a notice of appeal prior to the formal entry of a judgment or order, not as a routine—much less mandated—substitute for rule 4(a)'s general dictate that notices of appeal be filed "within 30 days *after the date of entry* of the judgment or order appealed from." Utah R. App. P. 4(a) (emphasis added).

¶21 In sum, the district court's order denying Bennett's rule 4(e) motion is "simply insufficient to permit meaningful appellate review," *Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 20, 243 P.3d 1275, and we cannot say with any certainty that the district court acted within its admittedly broad discretion in denying Bennett's motion. However, we are also not in the position to make our own determination that Bennett's motion should have been granted or denied. Under these circumstances, we reverse the district court's order denying Bennett's motion and remand this matter for further proceedings.[6] Upon remand, the district court is to reassess

---

6. Ordinarily, we will not reverse a trial court order based on inadequate factual findings unless the appealing party preserves that issue for appeal by apprising the lower court that its order is inadequate. *See In re K.F.*, 2009 UT 4, ¶ 60, 201 P.3d 985 (stating that a party "'waive[s] any argument regarding whether the district court's findings of fact were sufficiently detailed' when the [party]

(continued...)

Bennett's motion and enter adequate findings and reasoning to support its ultimate decision to grant or deny that motion.[7] *See In re M.M.*, 2003 UT 54, ¶ 13, 82 P.3d 1104 (remanding the district court's denial of a rule 4(e) motion for "reassessment" because "[t]he record in this case is too scant to permit us to determine the merits of [the motion]"); *West v. Grand Cnty.*, 942 P.2d 337, 341 (Utah 1997) ("[W]e must remand the case to the trial court to determine whether, given the factors outlined above, the circumstances in this case warrant a finding of excusable neglect.").

CONCLUSION

¶22 In light of the circumstances of this case and the district court's failure to make factual findings or otherwise explain the basis for its decision, we cannot say that the district court acted within its broad discretion in denying Bennett's motion for an enlargement of time to appeal under rule 4(e) of the Utah Rules of Appellate Procedure. Accordingly, we reverse the district court's

---

6. (...continued)
fails to challenge the detail, or adequacy, of the findings with the district court" (first alteration in original) (citation omitted). However, "where the inadequacy of the trial court's findings of fact and conclusions of law results in our inability to ascertain the basis of the trial court's decision, [we are] prevented from effectively reviewing the trial court's decision and may remand for the entry of more-detailed findings." *Allen v. Ciokewicz*, 2012 UT App 162, ¶ 42, 280 P.3d 425 (alteration in original) (citation and internal quotation marks omitted).

7. We do not intend to create a new requirement that all orders granting or denying relief under rule 4(e) must contain supporting factual findings. In many cases, the propriety of the district court's ruling may be readily apparent in light of the surrounding circumstances. However, in close cases or cases in which the district court's ruling contravenes one or more circumstances supporting the opposite result, it is incumbent on the district court to explain its decision with adequate findings and reasoning.

ruling and remand this matter to the district court for its reassessment of Bennett's motion and the entry of adequate supporting findings and analysis.

_____