2016 UT App 243

# THE UTAH COURT OF APPEALS

ZACHARY R.E. RUSK,
Appellant,
*v.*
UNIVERSITY OF UTAH HEALTHCARE
RISK MANAGEMENT,
Appellee.

Per Curiam Decision
No. 20160850-CA
Filed December 22, 2016

Third District Court, Salt Lake Department
The Honorable Ryan M. Harris
No. 160905195

Zachary R.E. Rusk, Appellant Pro Se

Curtis J. Drake and Scott G. Pratt, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
JILL M. POHLMAN.

PER CURIAM:

¶1      Zachary R.E. Rusk appeals the district court's dismissal of his complaint under rule 12(b)(6) of the Utah Rules of Civil Procedure for failure to state a claim upon which relief can be granted. This case is before the court on a sua sponte motion for summary disposition. We affirm.

¶2      The district court determined that Rusk failed to allege sufficient facts in support of his legal claims. The factual statement in the complaint filed on August 18, 2016, included statements regarding what one must do to "win a malpractice case." The complaint did not allege any specific facts regarding how the doctor or University of Utah Healthcare (the University)

may have committed malpractice. Similarly, the "request for relief" contained only conclusory statements about the doctor's "duty to act properly" and the doctor's breach of that duty "through negligence by making a very big mistake and not doing what she agreed to do." In a memorandum accompanying the complaint, Rusk referred to a tortious interference claim, but he did not allege material facts in support of that claim. Instead, he made statements concerning how the doctor required him to attend an appointment and take medication prior to having Family and Medical Leave Act (FMLA) forms completed. He stated that his former employer, Fidelity Brokerage Services (FBS), terminated his employment four days before his scheduled appointment with the doctor. Finally, Rusk requested that the University pay him damages to the extent he is unable to obtain relief in a federal lawsuit he filed against FBS.

¶3    The University filed a motion to dismiss the complaint under rule 12(b)(6) for failure to state a claim for relief and on the alternative ground that Rusk had failed to satisfy statutory prerequisites to filing a medical malpractice lawsuit. Rusk did not file any memorandum in opposition to the motion and instead submitted the matter to the district court for decision.

¶4    In his response to this court's sua sponte motion for summary disposition, Rusk first argues that he was denied a statutory right to have counsel appointed to assist him in pursuing his civil medical malpractice and tort claims in this state court case. Rusk cites provisions authorizing the appointment of counsel by a federal court under section 706(f)(1) of Title VII of the Civil Rights Act of 1964 in cases alleging unlawful employment discrimination, *see* 42 U.S.C. § 2000e-5(f)(1), or allowing a federal court to request voluntary representation by counsel under section 1915(e) of Title 28 of the United States Code for a civil litigant proceeding "in forma pauperis" in federal court. Neither provision applies to or requires a state court to appoint counsel for Rusk in his civil

lawsuit raising medical malpractice and tortious interference claims. Similarly, Rusk is not an indigent criminal defendant who possesses a Sixth Amendment right to appointed counsel.

¶5    Rule 8 of the Utah Rules of Civil Procedure requires "[a]n original claim" to "contain a short and plain: (1) statement of the claim showing that the party is entitled to relief; and (2) demand for judgment for specified relief." Utah R. Civ. P. 8(a). Rule 12(b)(6) allows a district court to dismiss a complaint for failure to state a claim upon which relief can be granted. *See id*. R. 12(b)(6). "A complaint states a claim upon which relief can be granted if it alleges the facts and sets forth the legal basis for an available legal remedy." *Simmons Media Group LLC v. Waykar, LLC*, 2014 UT App 145, ¶ 15, 335 P.3d 885 (citation and internal quotation marks omitted). "A motion to dismiss should be granted only if, assuming the truth of the allegations in the complaint and drawing all reasonable inferences therefrom in the light most favorable to the plaintiff, it is clear that the plaintiff is not entitled to relief." *Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 14, 243 P.3d 1275 (citation and internal quotation marks omitted). "Mere conclusory allegations in a pleading, unsupported by a recitation of relevant surrounding facts, are insufficient to preclude dismissal or summary judgment." *Chapman v. Primary Children's Hosp.*, 784 P.2d 1181, 1186 (Utah 1989).

¶6    In an appeal from an order granting a motion to dismiss under rule 12(b)(6), this court reviews only the facts alleged in the complaint. *Franco v. Church of Jesus Christ of Latter-day Saints*, 2001 UT 25, ¶ 2, 21 P.3d 198. "[W]e accept the factual allegations in the complaint as true and consider all reasonable inferences to be drawn from those facts in a light most favorable to the plaintiff." *Id.* (citation and internal quotation marks omitted). This court "will affirm the trial court's dismissal only if it is apparent that as a matter of law, the plaintiff could not recover under the facts alleged." *Id.* ¶ 10 (citation and internal quotation

marks omitted). This court gives no deference to the district court's ruling and reviews it for correctness. *See id.*

¶7      Even if liberally construed, Rusk's complaint merely stated elements of the claimed causes of action and alleged in vague and conclusory terms that the doctor or the University committed acts that would constitute medical malpractice or tortious interference. In response to the sua sponte motion, Rusk argues that sufficient facts are alleged in his pleadings and exhibits "as well as the appendixes attached to the docketing statement, not to exclude that of the notice of filing for interlocutory appeal." Neither the district court nor this court is required to review voluminous extraneous materials in an effort to address deficiencies in the complaint and identify facts to support a plaintiff's legal theories. Instead, the factual allegations made in the complaint must be the focus of the inquiry under rule 12(b)(6). *See id.* ¶ 2. In response to the sua sponte motion, Rusk essentially claims that the doctor's failure to fill out the FMLA forms at the time of his email and fax requests, and instead requiring him to first attend a medical appointment, resulted in termination of his employment. He claims these facts demonstrate medical malpractice and tortious interference. Even if these alleged facts from his response to the sua sponte motion had been included in the complaint, they would not demonstrate how he was entitled to relief on his theories.[1]

¶8      To the extent Rusk claims that the district court denied him the opportunity to amend his complaint, this claim also lacks merit. Rusk's motion to amend sought to add a similarly

---

1. Although the district court dismissed the complaint with prejudice, the court noted that "the dismissal of these claims does not necessarily bar Plaintiff from bringing intelligible or cognizable claims against Defendants at a later time."

unsupported and vague "RICO" claim and did not seek to supplement the allegations in his original complaint.

¶9 The district court correctly dismissed Rusk's complaint for failure to state a claim for relief. Because this court affirms the district court's dismissal on the grounds stated in the district court's ruling and order, it is unnecessary to consider the alternative theory advanced by the University, namely that Rusk failed to satisfy statutory prerequisites before filing a medical malpractice lawsuit.

¶10 Affirmed.

_____