*This opinion is subject to revision before final publication in the Pacific Reporter*

**2018 UT 30**

IN THE

## SUPREME COURT OF THE STATE OF UTAH

ROCIO SMITH,
*Appellant,*

*v.*

KAYELYN ROBINSON,
*Appellee.*

No. 20160106
Filed July 5, 2018

On Direct Appeal

Fourth District, Spanish Fork
The Honorable M. James Brady
No. 150300034

Attorneys:

Sara Pfrommer, Ronald D. Wilkinson, Nathan S. Shill, Orem, for appellant

James Egan, Stephen W. Owens, Salt Lake City, for appellee

JUSTICE HIMONAS authored the opinion of the court, in which CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE, JUSTICE PEARCE, and JUDGE PETTIT joined.

Due to her retirement, JUSTICE DURHAM did not participate herein; DISTRICT COURT JUDGE KARA PETTIT sat.

JUSTICE PETERSEN became a member of the Court on November 17, 2017, after oral argument in this matter and accordingly did not participate.

JUSTICE HIMONAS, opinion of the Court:

### INTRODUCTION

¶ 1   This case presents the question of whether a treating therapist owes a duty of reasonable care to a nonpatient parent

when treating that parent's child for potential allegations of sexual abuse. We answer this question in *Mower v. Baird*, 2018 UT 29, ---P.3d---, a companion case that we also decide today. There, we hold that a treating therapist "owes a duty to a minor patient's parents to refrain from affirmative acts that recklessly violate the standard of care in a manner that gives rise to false memories or false allegations of sexual abuse committed by the plaintiff nonpatient parent." *Mower*, 2018 UT 29, ¶ 114. We remand this case for proceedings consistent with our opinion in *Mower*.

## BACKGROUND

¶ 2    Rocio Smith had two children with her ex-husband, Aaron Smith.[1] Mr. Smith and his new wife (Stepmother) made several allegations that Ms. Smith had sexually abused the children. Mr. Smith filed a petition to terminate Ms. Smith's parental rights.

¶ 3    After this, Stepmother brought the children to Kayelyn Robinson for therapy and told Ms. Robinson that therapy was being sought because of the alleged sexual abuse. Ms. Robinson improperly relied upon the information provided by Mr. Smith and Stepmother and made allegations that Ms. Smith had sexually abused the children. During treatment, Ms. Robinson also inappropriately acted as a treatment provider and forensic evaluator. Ms. Robinson worked with Mr. Smith and Stepmother to actively advocate against Ms. Smith. Despite Ms. Robinson's clear conflict of interest, she continued providing therapy to the children.

¶ 4    At one point, the court hearing the custody dispute ordered Ms. Robinson to stop acting as the children's therapist and to have no further contact with the children. Ms. Robinson blatantly violated this court order. Additionally, Ms. Robinson used somebody else's key to access the children's HIPPA-protected records and provided them to the parties, their attorneys, and the court.

¶ 5    As a result of Ms. Robinson's actions, Ms. Smith lost visitation with her children for several years and "endured

---

[1] Because this case is before us on appeal of a motion to dismiss for failure to state a claim, we, like the district court, take the factual allegations in the complaint as true. *See Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 2, 243 P.3d 1275; *Brown v. Div. of Water Rights of Dep't of Nat. Res.*, 2010 UT 14, ¶ 10, 228 P.3d 747.

personal defamation, lost income and employment, and incurred enormous legal expenses."[2] Ms. Smith filed suit against Ms. Robinson for malpractice and negligent infliction of emotional distress.

¶ 6    Ms. Robinson filed a motion to dismiss for failure to state a claim under rule 12(b)(6) of the Utah Rules of Civil Procedure. Regarding the malpractice claim, the district court framed the question of duty and the categorical basis as "whether a treating therapist who testifies in litigation relying on their negligent formulation of forensic opinions, owes a duty to the party against whom they are testifying." Using the factors from *B.R. ex rel. Jeffs v. West*, 2012 UT 11, 275 P.3d 228, the district court concluded that no duty existed for that categorical basis and granted Ms. Robinson's motion to dismiss the malpractice claim. That decision was largely based upon policy considerations aimed at protecting a witness from liability stemming from his or her testimony. The district court also granted the motion to dismiss Ms. Smith's negligent infliction of emotional distress claim because Ms. Smith was unable to demonstrate the kind of harm required to sustain a claim for negligent infliction of emotional distress.

¶ 7    Ms. Smith appeals the district court's decision on her malpractice claim but does not appeal the negligent infliction of emotional distress claim. Utah Code section 78A-3-102(3)(j) gives us jurisdiction.

## STANDARD OF REVIEW

¶ 8    "The question of whether a 'duty' exists is a question of law . . . ." *Weber ex rel. Weber v. Springville City*, 725 P.2d 1360, 1363 (Utah 1986) (citation omitted). We review questions of law "under a correctness standard." *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991) (citations omitted).

## ANALYSIS

¶ 9    In *Mower v. Baird*, the companion to this case, we directly address the question of whether a treating therapist owes a nonpatient parent a duty when treating the parent's child for allegations of sexual abuse by that parent. 2018 UT 29, ¶ 114, --- P.3d---. There, we conclude that a treating therapist "owes a duty to a minor patient's parents to refrain from affirmative acts that

---

[2] Not all of these alleged harms are compensable. *See Mower v. Baird*, 2018 UT 29, ¶ 11 n.3, ---P.3d---.

recklessly violate the standard of care in a manner that gives rise to false memories or false allegations of sexual abuse committed by the plaintiff nonpatient parent." *Id.* This duty not only covers physical or property harm but also severe emotional distress. *Id.*

¶ 10 In this case, the parties disagree about whether the district court selected the correct categorical basis and, if not, whether it was the result of invited error. The district court ultimately based its holding on a categorical basis that involved treating therapists who testify in litigation. However, Ms. Smith "concedes that a testifying witness owes no duty to the opposing party with respect to the testimony given in court." (Emphasis omitted). Additionally, Ms. Smith asserts that she "is not suing [Ms. Robinson] for her role as a testifying witness, but rather for her conduct in the treatment of the minor children that preceded her testimony." Indeed, Ms. Smith's complaint is void of allegations relating to Ms. Robinson's testimony in the custody case.

¶ 11 The district court was required to rule in this case without the benefit of our opinion in *Mower*. In *Mower*, we announce that treating therapists owe a duty to a nonpatient parent during the therapist's treatment of the parent's child for potential sexual abuse by that parent. *Id.* To the extent that Ms. Smith is alleging harms that stem from Ms. Robinson's testimony, the duty we announce in *Mower* would not apply. However, to the extent that Ms. Smith is alleging harms stemming from Ms. Robinson's treatment of the children, our holding in *Mower* establishes a duty.[3]

---

[3] Our opinion in *Mower* extends the treating therapist's duty to not affirmatively act in a manner that recklessly causes severe emotional distress. *Mower*, 2018 UT 29, ¶ 114. Although we recognized a path other than the zone of danger for recovery of emotional distress, we did not disturb our other negligent infliction of emotional distress requirements. *Id.* ¶¶ 77, 81 n.18. And we did not decide whether a cause of action for negligent infliction of emotional distress is necessary to recover those damages. *Id.* ¶ 113 n.21. The district court granted Ms. Robinson's motion to dismiss Ms. Smith's negligent infliction of emotional distress because Ms. Smith was unable to show the type of harm required for a negligent infliction of emotional distress claim. We express no opinion on whether Ms. Smith's failure to appeal this portion of the district court's decision precludes her from pursuing recovery under the limited emotional distress duty we

¶ 12 Therefore, we remand this case to the district court for proceedings consistent with our opinion in *Mower*.

───────────

announce in *Mower*. *See id.* ¶ 114. We leave this decision to the district court in the first instance.